Mr. Jim Bradshaw, Benefits Manager Human Resources Department City of Little Rock 500 W. Markham, Suite 130W Little Rock, Arkansas 72201
Dear Mr. Bradshaw:
You have requested an official Attorney General's opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), a section of the Freedom of Information Act (FOIA), concerning certain records that have been requested from the City of Little Rock. More specifically, the Arkansas Democrat-Gazette has requested two individuals' personnel files, as well as any contract or agreement for payment by the city to one of the individuals.
You indicate that as custodian of the records, you have determined that the release of records reflecting a background investigation conducted by the department when the two individuals were being considered for employment would constitute a clearly unwarranted invasion of personal privacy, and that these records should not be released. You have further determined that other personal information, such as telephone numbers, social security numbers, and addresses should be redacted from any records that are released. Likewise, you have determined that all medical records should be withheld from disclosure. Finally, you have determined that all evaluation and job performance records that did not form the basis for a suspension or termination should not be released. In this regard, you note that you will release any suspension letter or job performance records in the files that formed the basis for earlier actions.
You have not provided copies of the requested records, nor have you described them in any detail. For this reason, I cannot opine definitively as to the correctness of your determinations as to how particular records should be classified (e.g., as "job performance records," "personnel records," or "medical records"). Such determinations are questions of fact that will turn entirely on the nature of each particular document. I will note, however, that I have previously opined that records reflecting background investigations constitute "personnel records," and that a blanket denial of such records is contrary to the FOIA. See Ops. Att'y Gen. Nos. 97-286; 97-177. Nevertheless, you have correctly identified the legal standards for the release of personnel records, job performance and employee evaluation records, and medical records. You have also correctly concluded that social security numbers should be redacted.
The question of whether addresses and telephone numbers should be released, however, is not as clear, although your decision is legally supportable. Addresses and telephone numbers should not be withheld automatically. Rather, their disclosability will turn largely upon certain questions of fact. I will address these two issues separately.
Addresses
A recent decision of the Arkansas Supreme Court, Stilley v. McBride,332 Ark. 306, ___ S.W.2d ___ (1998), must be considered in evaluating the disclosability of addresses. In that case, which was a decision under the FOIA, the Arkansas Supreme Court upheld the refusal of a records custodian to release certain police officers' addresses. The court in that case relied upon the reasoning set forth in a federal case,Department of Defense v. FLRA, 510 U.S. 487 (1994), which had followed the approach of an earlier federal case, Department of Justice v.Reporters Committee for Freedom of the Press, 489 U.S. 749 (1989). InReporters Committee, the U.S. Supreme Court noted that freedom of information statutes are designed to enable citizens "to know what their government is up to." Id. at 773. The Court went on to point out: "That purpose is not fostered by disclosure of information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct." Id.
Following the foregoing reasoning by the U.S. Supreme Court, the Arkansas Supreme Court's analysis in McBride focused upon balancing the purpose for which the addresses were requested against the reasons for withholding them from disclosure. The court found that the purpose for which the addresses were requested (which was to obtain service of process on the officers in another lawsuit) did not further the purposes of the FOIA (which is to keep the citizens of the state "advised of the performance of their public officials." 332 Ark. at 314.) In contrast, the court found the privacy interest in the addresses to be significant, in light of concerns about the police officers' expectations of their families' safety at home, and their concerns about the potential harassment or nuisance of people visiting or contacting officers at home. These concerns, the court held, outweighed the negligible public interest in knowing the officers' addresses. The addresses were therefore properly withheld from disclosure.
If, as custodian of the records, you have made a factual determination that the privacy interest in the addresses in question outweighs the public's interest in those addresses, I would conclude, on the basis of the reasoning set forth in McBride, supra, that your decision to redact the addresses from the requested records is correct. See Op. Att'y Gen. No. 98-152.
Telephone Numbers
I have consistently opined that although unlisted telephone numbers may be withheld from disclosure, listed telephone numbers are not exempt from release. See, e.g., Op. Att'y Gen. No. 93-403 and citations therein. Those opinions were based upon the presumption that in most factual scenarios, there is little privacy interest in information that has already been made public, and that therefore, the privacy interest would presumptively be outweighed in a balancing test. I must note, however, that factual circumstances could occur in which a privacy interest in previously available information could be established, and that the U.S. Supreme Court has recognized the protectability of such an interest. SeeDepartment of Defense v. FLRA, 510 U.S. 487, 500 (1994). I also note that the Arkansas Supreme Court relied upon the FLRA case in deciding Stilleyv. McBride, supra, but that McBride did not involve a request for telephone numbers. I therefore continue to hold the view that as a general matter, unless specialized facts indicate a heightened privacy interest in listed telephone numbers (see, e.g., Op. Att'y Gen. No.98-097, regarding concerns inherent in the release of the telephone numbers of a particular group of retirees), those numbers, if requested under the FOIA, are not exempt from disclosure, but that unlisted telephone numbers, in which there clearly is a heightened privacy interest, should be withheld. Accordingly, I conclude that your decision to redact telephone numbers from the requested records is generally correct, if it was based upon a factual determination that the privacy interest in these telephone numbers outweighs the public interest in them.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh